UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

TIMOTHY FRANKLIN KEEL

Defendant.

CRIMINAL ACTION
NO. 1:16-CR-187-CAP-JKL

# O R D E R

This matter is before the court on the defendant's objections [Doc. No. 61] to the magistrate judge's report and recommendation ("R&R") [Doc. No. 57], which denied the defendant's motion to suppress evidence [Doc. No. 21], motion to suppress statements [Doc. No. 22], and motion to suppress identification testimony [Doc. No. 23]. The defendant, however, only objects to the magistrate judge's findings relative to the motion to suppress evidence. Specifically, the defendant objects to the R&R on the grounds that the magistrate judge erred in finding that the defendant "was arrested outside Room 513"; the magistrate judge erred in finding the contents of the defendant's cell phone should not be suppressed due to the independent source doctrine; and the magistrate judge incorrectly found that FBI Special

Agent Kabrhel would have sought a search warrant for the defendant's cell phone regardless of what he discovered during his initial search.

After a thorough and careful review of the record of the case, the R&R, and the defendant's objections thereto, the court receives the R&R with approval and ADOPTS it in full [Doc. No. 57]. The defendant's objections are, therefore, OVERRULED.

Also pending before the court is the defendant's motion for review of the magistrate judge's detention order [Doc. No. 65]. The defendant requests that this court conduct a de novo review on the issue of detention, pursuant to 18 U.S.C. § 3145(b), reverse the magistrate judge's order, and set a bond in this case. The defendant filed his motion on March 3, 2017, and the court directed the government to file a response by April 6, 2017. While the defendant has not filed a reply to the government's response as of the date of this order, 18 U.S.C. § 3145 requires that the defendant's motion "be determined promptly." Since the motion is ripe, having been briefed by both parties, the court will not wait for the deadline for the defendant to file a reply before issuing a ruling, particularly since a reply is only permissible, not necessary. *See* LCrR 12.1(B), LR 7.1(C).

Upon a de novo review of the record, the parties' briefing and the magistrate judge's detention order, the court finds that detention is

appropriate. The magistrate judge rightly found by clear and convincing evidence that, based on the nature of the charges, as well as the evidence against the defendant, that he is a danger to the community. As shown in the detention order, the "[d]efendant is alleged to have stated via emails that he has had sexual encounters with minors. Defendant has two outstanding warrants for his arrest. Defendant is homeless and unemployed. Defendant allegedly distributed child pornography and when found had been sleeping in a van parked at a motel." [Doc. No. 11]. Moreover, the government has represented in its response in opposition that its "continued investigation shows that the defendant is an even greater danger to the community than what was believed to be at the time of the detention hearing."

Furthermore, while the government does not believe that the defendant will flee the district, the court agrees that, due to the defendant's apparent transient lifestyle coupled with his lack of steady, legal employment, it would prove difficult to locate the defendant if released on bond. The government also shows that the defendant has two outstanding arrest warrants,[1] and if he were released and taken into state custody, he would then be beyond the reach of this court's jurisdiction, thus adding to the risk of flight. While the

---

[1] One arrest warrant is for possession of cocaine and the other is a failure to appear warrant for a 2015 citation for driving on a suspended license and driving an unregistered vehicle.

defendant proposes a condition to assure the defendant's appearance and to protect others by releasing him to Dismas House, there he would be required to seek full-time employment. Such a condition would be untenable, given the defendant's legal situation, in addition to his two outstanding arrest warrants.

Accordingly, after considering the factors enumerated in 18 U.S.C. § 3142(g), the court finds that, based on the nature of the charges as well as the evidence against the defendant, detention remains appropriate because there is a serious risk that the defendant will endanger the safety of another person or the community and because he poses a risk of flight. The defendant's motion for review of the magistrate judge's detention order [Doc. No. 65] is DENIED.

**SO ORDERED** this 17th day of April, 2017.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge